IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ANTHONY CAMERON, #17876**                                                          **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 3:07-cv-558-DPJ-JCS**

**MARK SHEPARD, STEVE RUSHING,**
**JANE CAUSEY AND CLAUDIA TILLMAN**                                    **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER
### DISMISSING THE PLAINTIFF'S COMPLAINT

Plaintiff, an inmate currently incarcerated in the South Mississippi Correctional Institution, Leakesville, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 on September 21, 2007. On September 28, 2007, an order was entered directing Plaintiff to file a written response on or before October 19, 2007. Plaintiff has failed to comply with this order. Plaintiff was warned in the Court's order that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.

On October 10, 2007, Plaintiff corresponded with the Court regarding his change of address. On October 16, 2007, the Court's order was returned by the postal service with the notation "return to sender." On October 18, 2007, Plaintiff corresponded again with the Court regarding his change of address, and the Clerk re-mailed the September 28, 2007 order to Plaintiff. On November 6, 2007, the Court entered an order to show cause directing Plaintiff to respond in writing on or before November 20, 2007, why this cause should not be dismissed for failure to comply with the Court's September 28, 2007 order. The order to show cause was sent to Plaintiff's new address. Plaintiff failed to comply with the order. Plaintiff was once again warned in the Court's order that failure to advise the Court of a

change of address or failure to timely comply with the requirements of the orders may lead to the dismissal of his complaint.

The Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link*, 370 U.S. at 630.

Plaintiff has not complied with two court orders, nor has he contacted the Court since October 18, 2007. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) is proper. Since the Defendants have never been called upon to respond to Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Complaint shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 24th day of January, 2008.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE